UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KENNETH VAITON                                CIVIL ACTION NO. 12-cv-1564

VERSUS                                        JUDGE WALTER

ASST. WARDEN ARNOLD, ET AL                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Kenneth Vaiton ("Plaintiff") is a self-represented convicted prisoner who was housed at the David Wade Correctional Center ("DWCC") in the summer of 2011. He alleges that Thomas Pietsch, a correctional officer, kicked him very hard in the lower back and buttock for no reason. He also complains that Asst. Warden James Arnold and Col. Brad Rogers verbally harassed and abused him. Before the court is a Motion for Summary Judgment (Doc. 37) filed by all three defendants. The motion was noticed for briefing, but Plaintiff did not file any opposition. For the reasons that follow, it is recommended that the motion be granted.

**Relevant Facts**

Plaintiff and Lt. Pietsch largely agree on the setting for the principal incident. Pietsch testifies in an affidavit that on July 26, 2011 he was a crew pusher for a group of DWCC inmates who were assigned to do community service work on a highway in Haynesville, Louisiana. A member of the crew had a medical emergency. He was vomiting and not very

responsive to verbal communication. Pietsch tried to contact his superiors at DWCC on the radio, but he received no response. He ordered the crew into a van and drove them to a workshop about a quarter mile away. Upon arrival, Pietsch got the sick inmate out of the van and into a shaded area. Prison officials were notified.

It is here that the accounts begin to differ. Pietsch testifies that he ordered Plaintiff to take a rag and wet it with cool water in the van's trailer cooler so that Pietsch could use the rag to cool the sick inmate. Plaintiff alleges in his complaint that Master Sgt. Hollifield told him to go inside the crew office to get a cup of Gatorade for the sick inmate.

Pietsch testifies in his affidavit that several minutes passed, but Plaintiff had not returned. Pietsch began to look for him. Pietsch was near the workshop door when Plaintiff exited it, and Pietsch "gave offender Vaiton a very light kick in his buttocks as Vaiton passed by." Pietsch said that he told Plaintiff that he needed Plaintiff to do what he asked because they had a sick man on the crew. Pietsch states that there was no further physical contact, and Plaintiff "made no complaints of pain or injury after being lightly kicked in his buttocks."

Plaintiff alleges in his complaint that Pietsch "kicked me very hard for no apparent reason and unprovoked by me." He alleges that the pain continued late that night, to the point that he made an emergency sick call, but he was given a disciplinary violation for malingering. Plaintiff alleges that he made an emergency sick call for five days "and I never seen any doctor."

Plaintiff alleges in his complaint that he then filed a grievance and began requesting

transfers to another prison. His complaint sets forth a lengthy series of discussions between him and prison officials, including Col. Brad Rogers and Asst. Warden James Arnold. Plaintiff alleges that both men, at various times, verbally threatened and harassed him.

Rogers testifies in an affidavit that his only involvement in Plaintiff's administrative remedy procedure was to prepare a response to the grievance. That response stated that Rogers had received the grievance and written correspondence from staff. He said the incident had been thoroughly investigated "and corrective action has been taken." He added, however, that there was "no indication that you received any injury from this incident." Plaintiff pursued the grievance to the Secretary level, complaining that his Eighth Amendment rights were violated, but the Secretary denied the claim. Both Rogers and Arnold testify in their affidavits that "at no time did [I] verbally harass or threaten offender Kenneth Vaiton during July - November 2011 at David Wade Correctional Center."

Dr. Pam Hearn is the medical director at DWCC. She testifies in an affidavit that she reviewed Plaintiff's prison medical records for the 30-day period that followed the July 6, 2011 incident. Plaintiff made an emergency sick call to the infirmary on July 7 and complained of low back pain. The nurse noted no apparent distress or pain and did not see any redness, swelling, or mark. The nurse noted that Plaintiff could bend and almost touch his toes, had equal leg strength, and could bear weight on either leg. He had no apparent grimace with any movement. The nurse saw nothing to treat, but Plaintiff was nonetheless given Ibuprofen and told to take the medicine three times a day as needed for four days.

Dr. Hearn testifies that Plaintiff returned the next day, July 8, and complained of low

back pain. The nurse saw no need to change his care. Plaintiff returned on July 12 and complained of pain to his back and buttock. The examination showed no bruising or other marks, and Plaintiff had equal feet strength and positive pedal pulses. Plaintiff was provided a work duty status for two weeks, as well as Motrin and a referral to a physician.

Dr. Hearn testifies that a physician saw Plaintiff on July 15. The physician noted no evidence of bony injury, swelling, or bruising. The physician noted that Plaintiff refused to bend at the waist or attempt any range of motion exam of his back. Plaintiff also exhibited an exaggerated withdrawal response to light touch. The physician suspected over dramatic somatic response.

Plaintiff returned to sick call on July 25 and denied any relief of pain with the prior treatment. He complained he could not bend from the waist and had a sharp pain down his left leg. His duty status was renewed, and he was told to take Naprosyn. Plaintiff was back the next day, July 26, and he obtained a three-day work duty status and another referral to a physician. He had a similar sick call visit on August 1 as well.

Dr. Hearn testifies that Plaintiff was seen by a physician yet again on August 11. The physician noted that Plaintiff was evaluated extensively for reports of low back pain after being kicked by security. The physician found no radiation of pain and noted that Plaintiff walked without difficulty. There was no swelling, and X-rays taken on July 20 were normal. Plaintiff was provided additional medication for complaints of pain. Dr. Hearn states that there is nothing in the record to indicate that Plaintiff suffered anything more than a minimal amount of soreness, and she suspects that Plaintiff provided an over dramatic response.

**Excessive Force**

Plaintiff, a convicted prisoner, alleges that Lt. Pietsch violated his Eighth Amendment right to be free of cruel and unusual punishment. Whether an Eighth Amendment excessive force claim has been made out depends on whether the "force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 112 S.Ct. 995 (1992). The factors to be looked to include (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible official, and (5) any efforts made to temper the severity of a forceful response. Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999).

There are competing versions of the facts about the kick, but the competition is between Plaintiff's unverified complaint and Pietsch's sworn affidavit. The affidavit, which has not been contested, must control for summary judgment purposes. That is because "[w]hen the non-movant fails to oppose the motion for summary judgment, the non-movant may not rest on the unverified complaint, but must point to evidence in the record in the form of affidavits, filed depositions, filed answers to interrogatories, or filed admissions." Scott v. DMN Inc., 31 Fed. Appx. 836 (5th Cir. 2002), citing Solo Serve Corp. v. Westowne Associates, 929 F.2d 160, 165 n. 17 (5th Cir. 1991).

The kick, as described by Pietsch, was light and more in the way of a scolding than what might be described as the malicious and sadistic use of force on a prisoner. There is no competent summary judgment evidence of any injury suffered as a result, which is

consistent with Pietsch's description of the event. Plaintiff offers unverified allegations that he suffered great pain, but Dr. Hearn's sworn assessment of his medical records reveals zero evidence of physical harm from the incident or objective basis for any significant pain.

The Supreme Court has recognized that not every "malevolent touch by a prison guard" gives rise to a federal cause of action. Hudson, 112 S.Ct. at 1000. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscious of mankind." Id. (internal quotations omitted). The uncontested summary judgment evidence shows that only a light kick was applied, perhaps out of frustration with Plaintiff's tardiness in handling an important task, and there was no resulting injury. These facts could not support a finding that the force was applied maliciously and sadistically to cause harm, so Pietsch is entitled to summary judgment on the excessive force claim.

**Rogers and Arnold**

Plaintiff's grievance was filed July 19, 2011, soon after the incident. It complained about the kick by Pietsch but nothing else. Defendants Rogers and Arnold raise the defense that Plaintiff did not exhaust available administrative remedies with respect to them before he filed this suit, as required by 42 U.S.C. § 1997e(a) and Woodford v. Ngo, 126 S.Ct. 2378 (2006). The statute does not require that a grievance specifically name a defendant to exhaust a claim against him, but the grievance must provide prison administrators with a "fair opportunity under the circumstances to address the problem that will later form the basis of

the suit." Jones v. Bock, 127 S.Ct. 910, 922-23 (2007); Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).

Plaintiff did not mention Arnold or Rogers by name or implication in his grievance, and the grievance did not allege verbal threats or harassment by them or anyone else. Accordingly, Arnold and Rogers are entitled to dismissal of the claims against them based on the exhaustion defense.

They are also entitled to summary judgment on the merits. Each man testified squarely that they did not verbally harass or threaten Plaintiff during the relevant time, and there is no competing evidence. Furthermore, mere allegations of verbal abuse or threatening language by a custodial officer do not amount to a constitutional violation. Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir. 1993); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). To the extent Plaintiff complains about the adequacy of Rogers' response to his grievance, a prisoner "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).

Accordingly,

**IT IS RECOMMENDED** that Defendants' **Motion for Summary Judgment (Doc. 37)** be **granted** and Plaintiff's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of July, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge